**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

---

T. K. BENSON,

Petitioner-Appellant,

v.

RANDALL WORKMAN,

Respondent-Appellee.

No. 09-5102
(D.C. No. 4:06-CV-00203-TCK-FHM)
(N. Dist. Okla.)

---

## ORDER*

---

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

---

Mr. T.K. Benson, a state inmate appearing *pro se*, seeks a certificate of

appealability ("COA") allowing him to appeal the district court's order denying

his petition for habeas relief pursuant to 28 U.S.C. § 2254. He has also filed a

motion requesting appointment of counsel to represent him in his appellate

proceedings. Because Mr. Benson fails to make a substantial showing of the

denial of a constitutional right, 28 U.S.C. § 2253(C)(2), we deny his request for a

COA and dismiss this appeal.

---

*This order is not binding precedent, except under the doctrines of law of
the case, *res judicata*, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

Mr. Benson was convicted of robbery with a firearm, pursuant to OKLA. STAT. ANN. tit. 21, § 801 (West 2010), and sentenced to eighteen years' imprisonment. On direct appeal, he argued that admission of his incriminating statements violated his Fifth and Sixth Amendment rights under the United States Constitution and its corresponding provisions in the Oklahoma Constitution; that the trial court improperly restricted voir dire; that the trial court erred by refusing to instruct the jury as to the applicability of OKLA. STAT. ANN. tit. 21, § 13.1 (West 2010); and that the accumulation of these errors required reversal. *Id.* at 81. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction.

On January 26, 2007, Mr. Benson filed the underlying federal habeas petition. The district court informed him that his petition contained unexhausted claims subjecting it to dismissal, but permitted him to file an amended petition containing only the exhausted claims. Mr. Benson filed an amended petition on February 14, 2007, reiterating the challenges he asserted on direct appeal. Prior to the district court's adjudication of his petition, Mr. Benson filed a motion to stay proceedings until his state court claims were exhausted, as well as a motion to amend seeking to reassert his unexhausted claims. The court denied the motion to stay for failure to identify his unexhausted constitutional claims. It also denied Mr. Benson's motion to amend due to the timeliness requirements of the Antiterrorism and Effective Death Penalty Act and the absence of a statutory or equitable basis for tolling the applicable limitations period. Finally, the court

denied Mr. Benson's § 2254 petition for failure to establish that he was in custody in violation of the Constitution or laws of the United States.

A state prisoner may only appeal the denial of a petition for writ of habeas corpus after receiving a COA from either this court or the district court. 28 U.S.C. § 2253(c)(1)(A); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (holding that a COA is a "jurisdictional prerequisite"). We can issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the prisoner to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). A petitioner is entitled to habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In his request for a COA, Mr. Benson first claims that admission of the incriminating statements he made subsequent to invoking his right to counsel violated his Fifth and Sixth Amendment rights and "corresponding provisions of the [O]klahoma [C]onstitution." Aplt. br. at 3; *see also Edwards v. Arizona*, 451

U.S. 477, 484-85 (1981) ("[a]n accused [who has] expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."). The OCCA's determination was based on the trial court's factual finding, after an evidentiary hearing, that Mr. Benson initiated the disputed communication. To succeed, Mr. Benson must offer clear and convincing evidence to rebut the OCCA's determination that he invited the communication with investigative officials that ultimately resulted in his confession. *See Pickens v. Gibson*, 206 F.3d 988, 993 (10th Cir. 2000) ("This court will presume the correctness of state court findings of fact, unless petitioner is able to rebut that presumption by clear and convincing evidence."). Mr. Benson has offered no persuasive evidence to undermine this factual finding and has therefore failed to satisfy his burden. Consequently, the incriminating statements made in the absence of counsel were admissible. *See Edwards*, 451 U.S. at 484-85.

Second, Mr. Benson asserts that the trial court improperly restricted voir dire in violation of his due process rights. *See Wilson v. Sirmons*, 536 F.3d 1064, 1098 (10th Cir. 2008) ("A defendant's right to an impartial jury includes the right to an adequate voir dire to identify unqualified jurors." (citing *Morgan v. Illinois*, 504 U.S. 719, 729 (1992))). Specifically, he asserts that the trial court's request to rephrase a hypothetical question constituted an abuse of discretion. *See United*

-4-

*States v. Chanthadara*, 230 F.3d 1237, 1269 (10th Cir. 2000) ("Ordinarily, we review the district court's decisions concerning the seating or excusing of jurors for abuse of discretion."). He does not, however, refer us to any authority indicating that the trial court's request was improper – much less an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996). In the absence of any persuasive authority to call into question the trial court's request, we conclude that Mr. Benson was not denied due process. *See Trujillo v. Sullivan*, 815 F.2d 597, 607 (10th Cir. 1987).

Third, Mr. Benson claims that his due process rights were violated by the trial court's failure to instruct the jury on OKLA. STAT. ANN. tit. 21, § 13.1 (West 2010) (the 85% rule), which requires criminal defendants convicted of certain crimes to serve at least 85% of their sentence of imprisonment before becoming eligible for parole consideration. The Supreme Court, however, has previously noted with approval the "[m]any state courts [that] have held it improper for the jury to consider or to be informed – through argument or instruction – of the possibility of commutation, pardon, or parole." *Cal. v. Ramos*, 463 U.S. 992, 1014 n.30 (1983) (citing cases); *see also Simmons v. S.C.*, 512 U.S. 154, 176 (1994) (O'Connor, J., concurring) ("The decision whether or not to inform the jury of the possibility of early release is generally left to the States. In a State in which parole is available, the Constitution does not require (or preclude) jury

-5-

consideration of that fact.") (internal citation omitted)). Indeed, "it is only when the jury endeavors the moral judgment whether to impose the death penalty that parole eligibility may become critical." *Shafer v. S.C.*, 532 U.S. 36, 51 (2001). Because Mr. Benson had no constitutional right to a jury instruction informing the jury of Oklahoma's 85% rule, we therefore conclude no due process violation occurred.

Having reviewed the entire record, we conclude that no reasonable jurist would disagree with the district court's decision to deny Mr. Benson's petition.[1] Accordingly, we **DENY** his request for a COA, and his related motions for appointment of counsel, and we **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1]Construing Mr. Benson's pleadings liberally as required by *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we read Mr. Benson's request for a COA to raise a due process challenge to the sufficiency of the evidence underlying his conviction. *See* aplt. br. at 4 ("[The trial court] w[as] wrong because the witnesses could not [i]dentify me or the victims, nor did the description fit, yet the district court found me guilty [f]or [w]hat the detective say [sic.], but he also violated my rights[. T]here were no finger prints, no line ups or photo line up [,] no cameras had I been on. With all these [f]laws[] in this case I'm still found guilty . . . ."). Nevertheless, we do not address this issue because it is raised for the first time on appeal. *Tele-Communications, Inc. v. Commissioner*, 12 F.3d 1005, 1007 (10th Cir. 1993) ("The general rule is that an appellate court will not consider an issue raised for the first time on appeal.").